UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANWYN GOLDBERG and SOLOMON WATKINS,

                                 Plaintiffs,

      -against-

CITY OF NEW YORK, RYAN MCLASKY, and JOHN
or JANE DOES 1-10, individually and in their official
capacities as police officers,

                                 Defendants.

-------------------------------------------------------------------X

***COMPLAINT AND JURY
DEMAND***

ECF CASE
Docket No.

      Plaintiffs, Anwyn Goldberg and Solomon Watkins, by and through the undersigned

attorneys, Sim & DePaola, LLP, for their complaint against the Defendants, City of New York,

Ryan Mclasky, and John or Jane Does 1-10, allege and states as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiffs seek relief through 42 U.S.C. §1983 and 42

U.S. §1988 for the violations of their civil rights protected by the Fourth and Fourteenth

Amendments, in addition to violations of the Laws of the State of New York.

2.     These claims arise from a February 12, 2018 incident, in which defendants, acting under

color of state law, unlawfully arrested and detained Ms. Goldberg and Mr. Watkins. Ms.

Goldberg and Mr. Watkins were subsequently maliciously prosecuted, until all charges were

dismissed by the Hon. J. Hanshaft on September 5, 2018.

3.     The above referenced acts caused Ms. Goldberg and Mr. Watkins to be deprived of their

liberties and to sustain various emotional and physical injuries.  Ms. Goldberg and Mr. Watkins

were wrongfully detained and incarcerated for approximately twenty-one (21) hours, from the

date of his arrest, up to, and until, their respective releases from New York County Criminal Court, on, or about, July 16, 2017.

4.      Plaintiffs seek monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court may deem just and proper.

## JURISDICTION

5.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

6.      The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

7.      Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

8.      Plaintiff, Anwyn Goldberg ("Ms. Goldberg"), resides in the town of Princeton, County of Mercer, State of New Jersey.

9.      Plaintiff, Solomon Watkins ("Mr. Watkins"), resides in the town of Elizabeth, County of Union, State of New Jersey.

10.     The Defendant, City of New York ("City"), is a municipal corporation organized under the laws of the State of New York.

11.     At all times relevant hereto, Defendant City, acting through the New York City Police Department ( "NYPD"), was responsible for the policy, practice, supervision, implementation,

and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives, and supervisory officers as well as the individually named Defendants herein.

12.     In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

13.     Defendant, Ryan Mclasky ("Mclasky") was, at all relevant times herein, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York.  Defendant Mclasky was, at all relevant times herein, a police officer under Shield No. 10903 and Tax Reg. No. 956911, assigned to Transit Vandals Task Force, located at 2800 West 6th Street, New York, New York 11224.  Defendant Mclasky is being sued in his individual and official capacities.

14.     At all relevant times, Defendants John or Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD.  At this time, Plaintiff does not know the true names or tax registry numbers of John and Jane Doe 1 through 10, but believes such knowledge is within possession of the defendants.

15.     At all relevant times herein, Defendants John or Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York, the NYPD.  Defendants John or Jane Doe 1 through 10 are being sued in their individual and official capacities.

16.     At all relevant times herein, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

17.     Within 90 days of accrual dates for these claims, Plaintiffs timely filed written notices of claims with the New York City Office of the Comptroller.

18.     Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

19.     Plaintiffs have complied with municipal defendant's request for an oral examination, pursuant to Section 50-H of the New York General Municipal Law.

20.     This action has been commenced within one year and ninety days from the relevant accrual dates.

**FACTUAL CHARGES**

21.     On February 12, 2018 at approximately 9:15 P.M., Mr. Watkins and Ms. Goldberg were in the vicinity of 305 Church Street, County and State of New York.

22.     On said date, Mr. Watkins and Ms. Goldberg were en route to a restaurant in lower Manhattan.

23.     As Mr. Watkins and Ms. Goldberg were walking and committing no crimes or violations of the law, defendant Mclasky approached Mr. Watkins with no visible police shield and without identifying himself as a police officer.

24.     Defendant Mclasky then grabbed Mr. Watkins without any legal reason to do so.

25.     Defendant Mclasky, at that time, was dressed in plain clothes with no visible indicia that he was a police officer.

26.     Defendant Mclasky proceeded to tackle Mr. Watkins violently to the ground without any legal reason or justification to do so.

27.     Ms. Goldberg, unaware that defendant Mclasky was a police officer, and under the belief that Mr. Watkins was the victim of an assault, proceeded to discharge pepper spray towards defendant Mclasky, due to her belief that he was an assailant.

28.     Ms. Goldberg then approached Defendant John Doe 1, a male police officer, who was wearing a visible shield, and reported what she then believed to be a crime taking place and requested assistance.

29.     Defendant John Doe 1 then informed Ms. Goldberg that she was under arrest.

30.     Defendant John Doe 1 handcuffed Ms. Goldberg in an excessively and gratuitously tight manner, which caused Ms. Goldberg to sustain severe pain and lacerations to her wrists.

31.     After tackling Mr. Watkins, defendant Mclasky forcibly and violently maneuvered and turned Mr. Watkins' body, while applying an excessive amount of pressure and force against Mr. Watkins' body against the ground, causing Mr. Watkins to sustain abrasions and lacerations to his face, arms and legs.

32.     Defendant Mclasky then applied handcuffs to Mr. Watkins' wrists in an excessively tight fashion, which caused Mr. Watkins to endure substantial pain.

33.     Defendant Mclasky falsely claimed that Mr. Watkins and Ms. Goldberg were aiding other un-apprehended individuals by acting as lookouts, while one male un-apprehended individual used a black paint marker to write on a building, when defendant Mclasky knew said claim to be false.

34.     Defendant Mclasky falsely claimed that he identified himself as a police officer to Mr. Watkins by showing his New York Police Department shield, when he knew such claim to be untrue and a complete fabrication.

35.    Defendant Mclasky falsely claimed that Mr. Watkins that sprayed mace in Defendant Mclaskey's face.

36.    Defendant Mclasky falsely claimed that Ms. Goldberg also sprayed Defendant Mclaskey's face with mace.

37.    As a result of defendants Mclasky's knowingly and intentionally false statements and allegations, Mr. Watkins and Ms. Goldberg were falsely arrested under arrest numbers M18609223 and M18609224.

38.    Defendant Mclasky was Mr. Watkins' and Ms. Goldberg's arresting officer.

39.    Defendant Mclasky falsely arrested Mr. Watkins, because every single one of defendant Mclasky's criminal allegations against Mr. Watkins are complete falsehoods, as Mr. Watkins never committed any crimes or violations of the law.

40.    Defendant Mclasky was fully aware that his shield was not visible and that he failed to identify himself as a police officer, but knowingly and intentionally chose to falsely claim that he did, in order to justify and excuse an otherwise invalid stop and arrest.

41.    Mr. Watkins never observed defendant Mclasky's shield and had no reason to believe he was being stopped and grabbed by a police officer.

42.    Plaintiffs did not commit any crimes or violations of the law.

43.    Defendants, including Mclasky and John Doe 1, intentionally provided said false information to the New York County District Attorney's Office, so that a criminal prosecution would be initiated against Mr. Watkins and Ms. Goldberg, namely that Plaintiffs were aiding an un-apprehended individual in his unlawful use of a black paint marker to write on a building, resisting arrest and committing felonious assaults against a police officer.

44.     Defendant Mclasky was Mr. Watkins' and Ms. Goldberg's arresting officer and signed the criminal court complaint against them, knowingly and falsely accusing Mr. Watkins and Ms. Goldberg of Assault in the Second Degree and other related charges, all of which Mclasky knew to be untrue and unsupported by any viable probable cause.

45.     Based on the false allegations of Defendants, including Mclasky and John Doe 1, Mr. Watkins and Ms. Goldberg were arraigned and criminally prosecuted.

46.     At no point did the Defendants, including Mclasky and John Doe 1, ever observe Mr. Watkins or Ms. Goldberg commit any crimes or offenses or possess probable cause to believe that plaintiffs may have committed any crimes or offenses.

47.     At no point were the defendants, including Mclasky and John Doe 1, ever told by any witnesses that Mr. Watkins or Ms. Goldberg committed any crime or violation of the law.

48.     Mr. Watkins and Ms. Goldberg were released from custody on or about February 13, 2018, at approximately 6:00 p.m.

49.     The defendants, including Mclasky and John Doe 1, had no probable cause or reasonable suspicion to arrest, detain or stop Mr. Watkins or Ms. Goldberg.

50.     Defendants, including Mclasky and John Doe 1, never possessed probable cause to believe a prosecution would succeed against Plaintiffs, or that Plaintiffs were guilty of any crimes or violations of the law, because Defendants Mclasky and John Doe 1 knew plaintiffs to be completely innocent any wrongdoing.

51.     While Plaintiffs were unlawfully detained, Defendants, including Mclasky and John Doe 1, acting with malice, conveyed the aforementioned false, misleading and incomplete information to prosecutors, so that Plaintiffs would be prosecuted for felonious Assault in the Second Degree and other related charges.

52.     Defendants, including Mclasky and John Doe 1, intentionally, knowingly fabricated said false allegations to conceal their otherwise illegal, tortious and sinister acts, namely, arresting multiple individuals without probable cause due to no crime being committed by Plaintiffs.

53.     Defendants, including Mclasky and John Doe 1, grossly deviated from proper police procedures, suppressed evidence and engaged in conduct undertaken in bad faith.

54.     Defendant Mclasky and John Doe 1 arrested and caused criminal prosecutions to be initiated against plaintiffs to conceal their egregious violations of proper police procedure, to accumulate further arrest credits and to garner overtime pay.

55.     Defendants Mclasky and John Doe 1 arrested and caused criminal prosecutions to be initiated against plaintiffs, because Defendants Mclasky and John Doe 1 harbor racist beliefs against individuals similar to plaintiffs.

56.     Defendants Mclasky and John Doe 1 arrested and caused criminal prosecutions to be initiated against plaintiffs, because Defendants Mclasky and John Doe 1 sought to prevent plaintiffs from reporting Defendants' Mclasky's and John Doe 1's unlawful stop and interaction with law abiding citizens.

57.     Defendants have displayed a pattern and practice of falsely arresting individuals of color, like plaintiffs, when there is no probable cause to believe they have committed any crimes or violations of the law.

58.     Plaintiffs were wrongfully incarcerated for approximately two (2) days, or twenty-one (21) hours, until they were released on or about February 13, 2018.

59.     Mr. Watkins was compelled to return to court approximately eight (8) times to defend against the false charges levied against him, until all charges were dismissed in his favor on September 5, 2018.

60.     Ms. Goldberg was compelled to return to court approximately ten (10) times to defend against the false charges levied against her, until all charges were favorably dismissed on September 5, 2018.

61.     During all of the events described, the Defendants, including Mclasky and John Doe 1, acted maliciously and with intent to injure Plaintiffs.

62.     Defendant Mclasky committed perjury by knowingly offering the false statements contained within plaintiffs' criminal court complaint as true by signing and attesting to the truth of allegations he knew to be false.

63.     At all times relevant hereto, Defendants, including Mclasky and John Doe 1, were involved in the decision to arrest Plaintiffs without probable cause, or failed to intervene when they observed others arresting Plaintiffs without probable cause.

64.     At all times relevant hereto, Defendants, including Mclasky and John Doe 1, engaged in fraud, perjury, the suppression of evidence and other actions conducted in bad faith, or failed to intervene when defendants observed others doing so, all in furtherance of Plaintiffs' criminal prosecutions.

65.     Upon information and belief, the NYPD, the City of New York, and their respective policy, decision makers and supervisors have imposed or acquiesced to policies or customs within the NYPD that resulted in Plaintiffs' arrests and prosecutions without probable cause.

66.     Upon information and belief, the NYPD, the City of New York, and their respective policy, decision makers and supervisors have failed to provide adequate training in the identification of probable cause or reasonable suspicion.

67.     The instant arrests of Plaintiffs without the presence of probable cause were so egregious as to amount to a deliberate indifference by the policy and decision makers within the NYPD and

City of New York, because the need for enhanced training and supervision is obvious due to the clear lack of any probable cause to arrest and prosecute plaintiffs.

68.     Upon information and belief, further details and factual allegations will become available after discovery is completed, as the current policies and customs of the NYPD and City of New York are within the exclusive knowledge and possession of Defendants.

69.     Upon information and belief, the personnel files and records of the individual officers involved in Plaintiff's arrest will reveal a history of Constitutional violations that will indicate that Defendant City knew, or should have known that the individual officers were unfit for employment as NYPD police officers and would be likely to commit Constitutional violations similar to the violations that were committed against plaintiffs.

70.     As a direct and proximate result of the acts of defendants, including defendant Mclasky and John Doe 1, Plaintiffs suffered the following injuries and damages: violations of their rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violations of New York State law, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

## FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

71.     Plaintiffs re-allege and re-aver Paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72.     Defendants subjected Plaintiffs to false arrests, false imprisonments, and the deprivation of their liberties without probable cause.

73.     Plaintiffs were conscious of their confinement.

74.     Plaintiffs did not consent to their confinement.

75.     Plaintiffs' arrests and false imprisonments were not otherwise privileged.

76.     Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of *respondeat superior*.

77.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the

damages hereinbefore alleged.


## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

78.     Plaintiffs re-allege and re-aver Paragraphs 1 through 77 of this Complaint as if fully set

forth herein.

79.     The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution

by wrongfully and illegally arresting, detaining and imprisoning Plaintiffs.

80.     The wrongful, unjustifiable, and unlawful apprehension, arrests, detention, and

imprisonment of Plaintiffs were carried out without valid warrants, without Plaintiffs' consent,

and without probable cause or reasonable suspicion.

81.     At all relevant times, Defendants acted forcibly in apprehending, arresting, and

imprisoning Plaintiffs.

82.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the

damages hereinbefore alleged.


## THIRD CAUSE OF ACTION
Assault and Battery Under
New York State Law

83.    Plaintiffs re-allege and re-aver Paragraphs 1 through 82 of this Complaint as if fully set forth herein.

84.    At all relevant times, Defendants caused Plaintiffs to fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

85.    Defendants engaged in and subjected Plaintiffs to immediate harmful and/or offensive touching and battered them without their consent and without justification.

86.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages.

87.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

88.    As a direct and proximate result of this breach, Plaintiffs sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

89.    Plaintiffs re-allege and re-aver Paragraphs 1 through 88 of this Complaint as if fully set forth herein.

90.    The Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiffs' consent.

91.    Defendants engaged in and subjected Plaintiffs to immediate harmful and/or offensive touching and battered them without their consent.

92.    As a direct and proximate result of this breach, Plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

93.     Plaintiffs re-allege and re-aver Paragraphs 1 through 92 of this Complaint as if fully set forth herein.

94.     Defendants initiated the prosecutions against Plaintiffs.

95.     Defendants lacked probable cause to believe Plaintiffs were guilty or that the prosecutions against plaintiffs would succeed.

96.     Defendants acted with malice.

97.     In the absence of probable cause, malice may be inferred.

98.     The prosecutions were terminated in Plaintiffs' favor.

99.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered significant damages.

100.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

101.    As a direct and proximate result of this breach, Plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

102.    Plaintiffs re-allege and re-aver Paragraphs 1 through 101 of this Complaint as if fully set forth herein.

103.    Defendants initiated the prosecutions against Plaintiffs.

104.    Defendants lacked probable cause to believe Plaintiffs were guilty or that the prosecutions against plaintiffs would succeed.

105.    Defendants acted with malice.

106.    The prosecutions were terminated in Plaintiffs' favor.

107.    Defendants violated Plaintiffs' Fourth and Fourteenth Amendment rights by causing

Plaintiffs to return to defend the false charges alleged against them.

108.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the

damages hereinbefore alleged.


## SEVENTH CAUSE OF ACTION
### Failure to Intervene Under
### New York State Law

109.    Plaintiffs re-allege and re-aver Paragraphs 1 through 108 of this Complaint as if fully set

forth herein.

110.    Those Defendants that were present, but did not actively participate in the

aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such

conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

111.    Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of *respondeat superior*.

112.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the

damages hereinbefore alleged.


## EIGHTH CAUSE OF ACTION
### Failure to Intervene Under
### 42 U.S.C. § 1983 Against Individual Defendants

113.    Plaintiffs re-allege and re-aver Paragraphs 1 through 112 of this Complaint as if fully set

forth herein.

114.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

115.    Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

116.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

117.    Plaintiffs re-allege and re-aver Paragraphs 1 through 116 of this Complaint as if fully set forth herein.

118.    Defendants arrested, detained and caused criminal prosecutions to be initiated against Plaintiffs to compel the compliance or forbearance of some act.

119.    Defendants had no excuse or justification to forcibly detain or initiate prosecutions against Plaintiffs, especially with the absence of any cognizable probable cause.

120.    Defendants intended to inflict substantial harm upon Plaintiffs.

121.    Defendants acted to achieve a collateral purpose, beyond, or in addition to, Plaintiffs' criminal prosecutions.

122.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

123.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

124.     Plaintiffs re-allege and re-aver Paragraphs 1 through 123 of this Complaint as if fully set forth herein.

125.     Defendants arrested, detained and caused criminal prosecutions to be initiated against Plaintiffs to compel the compliance or forbearance of some act.

126.     Defendants had no excuse or justification to forcibly detain and initiate prosecutions against Plaintiffs, especially with the absence of any cognizable probable cause.

127.     Defendants intended to inflict substantial harm upon Plaintiffs.

128.     Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiffs' criminal prosecutions.

129.     Defendants' actions deprived Plaintiffs of their rights to free from illegal searches and seizures, as well as their rights not to be deprived of their liberties without due process of law.

130.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## ELEVENTH CAUSE OF ACTION
Negligent Hiring, Retention and Supervision Under
New York State Law

131.     Plaintiffs re-allege and re-aver Paragraphs 1 through 130 of this Complaint as if fully set forth herein.

132.     Defendant City owed a duty of care to Plaintiffs to adequately hire, retain and supervise its employee defendants.

133.     Defendant City breached that duty of care.

134.     Defendant City placed defendants in a position where they could inflict foreseeable harm.

135.    Defendant City knew, or should have known, of its employee defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiffs.

136.    Defendant City failed to apply reasonable measures in hiring, retaining and supervising its employee defendants that would have prevented the aforesaid injuries to Plaintiffs.

137.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## TWELVTH CAUSE OF ACTION
### Municipal "*Monell*" Liability Under
### 42 U.S.C. § 1983 Against Defendant City

138.    Plaintiffs re-allege and re-aver Paragraphs 1 through 137 of this Complaint as if fully set forth herein.

139.    Defendant City maintained a policy, custom or practice that caused Plaintiffs to be deprived of their Constitutional rights to be free from illegal searches and seizures and to be free the deprivations of their liberties without the due process of law.

140.    Defendant City's illegal practices are so prevalent, consistent and pervasive as to constitute a custom or usage of which a supervising decision or policymaker was, or should, have been aware of.

141.    Defendant City's supervisors or policymakers failed to provide adequate training or supervision to subordinates to such an extent that their failures amount to defendant City's deliberate indifference to the rights of those who come into contact with Defendant City's employees.

142.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendants, jointly and severally, as follows:

a)      In favor of Plaintiffs in an amount to be determined by a jury for each of Plaintiffs' causes of action;

b)      Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

c)      Awarding Plaintiffs compensatory damages in an amount to be determined by a jury;

d)      Awarding Plaintiffs reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: May 3, 2019

Respectfully submitted,

_S/ Samuel C. DePaola_____
*Samuel C. DePaola*
Bar Number: SD0622
Sim & DePaola, LLP
Attorneys for Mr. Coney
4240 Bell Blvd., Suite 201
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700
sdepaola@simdepaola.com