

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MORGAN C. MCKINNEY**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2012<br>mmckinne@law.nyc.gov |

May 22, 2020

**BY E.C.F.**
Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street,
New York, New York 10007

APPLICATION GRANTED. The parties shall file a joint status letter by August 2, 2020.  5/23/2020

**SO ORDERED:**

*/s/ Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

Re: Anwyn Goldberg, et al., v. City of New York, et al.,
19 CV 04241 (GBD)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above-referenced matter. I write on behalf of the parties to provide a joint status report regarding discovery in this matter. The parties sincerely apologize for the oversight of filing this status report four days late. The deadline just recently came to our attention and we worked as quickly as we could to remedy the oversight. The parties also write to respectfully request a limited discovery extension in this matter from June 30, 2020 to July 31, 2020 due to the continuing restrictions created by the COVID-19 pandemic, for the limited purpose of taking the depositions set by the Court at the March 18, 2020 status conference, i.e. the depositions of Kieffer and John Braisted for the defendants and the depositions of Officer McLasky, his partner Officer Esposito, and his supervisor Sergeant Bidiyanath for the plaintiffs.

      Following the March 18, 2020 status conference in this matter, in accordance with the Court's Order, I confirmed that the memo book entries of the supervising officer on the day of the incident had been previously produced to plaintiffs during discovery. Additionally, defendants still seek to depose non-parties Kieffer Braisted and John Braisted in this matter. However, as the Court is aware, on May 15, 2020 Governor Cuomo extended New York's stay at home order until June 13, 2020.

      To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast

majority of its employees work from home. Of course, working from home creates a number of challenges that directly impact litigation**.** For example, working from home creates complications in regards to coordinating and taking depositions. First, the logistical challenges of arranging for remote depositions are always significant, and are further exacerbated by the added difficulty of having multiple parties join remotely from multiple locations, as well as the added difficulty of managing parties' different technological capabilities. Second, preparing witnesses for depositions remotely is also logistically challenging, particularly when it comes to the review of documents, many of which may not be saved in formats that are easily shared via electronic means, and conferring on matters of privilege. Third, as all police officers have been mobilized to patrols and other essential matters during this state of emergency, their availability to appear at a deposition is significantly reduced. And, even if officers are available, they must be on duty to sit for a deposition, and may be restricted to appearing from police precincts. This raises additional concerns with respect to the use of a camera or video at that location, including concerns regarding the privacy of arrestees and victims who may be present; viewing privileged and confidential material in such a public location; and interference from telephones, radios, and other background noise inherent to that setting.

Moreover, conducting a deposition remotely simply fails to be an adequate substitute for an in-person deposition; courts in this Circuit have repeatedly recognized that "an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations" of testimony, *Memory Film Prods. v. Makara*, No. 05 Civ. 3735, 2007 U.S. Dist. LEXIS 34110, at *10 (E.D.N.Y. May 9, 2007), and is not a solution when "testimony is being preserved for trial," as "it is important to have counsel present so that the examination most closely approximates that which would occur in the courtroom." *In re Fosamax Prods. Liab. Litig.*, 06 MD 1789 (JFK) (JCF), 2009 U.S. Dist. LEXIS 27209, at *30 (S.D.N.Y. Mar. 4, 2009) (collecting cases); *see also Gagasoules v. MBF Leasing LLC*, 08 Civ. 2409 (ADS) (ARL), 2009 U.S. Dist. LEXIS 119001 (E.D.N.Y. Dec. 22, 2009) (finding remote deposition unfeasible given "legitimate concern about viewing the plaintiffs' demeanor"); *see also Petaway v. Osden*, 17 Civ. 0004 (VAB), 2018 U.S. Dist. LEXIS 36484, at *9 (D. Conn. Mar. 5, 2018) (remote deposition insufficient where plaintiff's credibility played essential role in the case").

Consequently, in light of the current public health situation and in an effort to continue to engage in social distancing as much as possible, the parties respectfully request that Your Honor extend discovery in this matter from June 30, 2020 to July 31, 2020 for the limited purpose of conducting the depositions set by the Court at the March 18, 2020 conference. The parties will make every effort to conduct the depositions before July 31, however respectfully request the opportunity to further update the Court should the public health situation continue to make conducting this deposition unfeasible. The parties assure the Court that they remain committed to moving this case forward as expeditiously as possible, but ask for some leniency in these trying circumstances.

The parties thank the Court for its consideration.

Respectfully submitted,

*Morgan C. McKinney, Esq.*
Morgan C. McKinney, Esq.
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Samuel C. DePaola, Esq. (By ECF)
*Plaintiffs' Counsel*
4240 Bell Blvd., Suite 201
Bayside, New York 11361